Barrett, J.
Considering the affidavit of Ehrhardt, to the effect that a false balance sheet was made out under Kiefer’s orders, that the firm was then really insolvent, and that a large amount of worthless debts was designedly given the place of real and valuable assets, and considering also the statement of Thomass, I do not think that the answer should be stricken out as sham. The testimony of Winkens does not necessarily negative his aver *45 ment. There may have been no false statements made by means of actual words spoken, and yet a fraudulent concealment, and even a direct misrepresentation are, upon the facts contained in Ehrhardt’s affidavit, properly pleadable, and made issues in the cause.
To strike out an answer as sham, it is not enough that the court should perceive but little prospect of a result favorable to the defendant, nor even that the plaintiff’s ultimate success should, upon the affidavits adduced, appear to be indubitable; the answer must be false, in the sense of being a mere pretense, set up in bad faith, and without color of fact, and I am not prepared to hold that the present answer is within this definition.
The series of facts and circumstances detailed by the plaintiff, and established by reference to documents, as well as his argument with respect to the effect of the arbitration, and the retention of the partnership property, go a long way in throwing doubts upon Ehrhardt’s statement, and may, even were the truth of that statement conceded, entitle the plaintiff to judgment. But such circumstances should properly be reserved for the trial, of which a defendant can only be deprived in the extreme case to which reference has been made, and which this would certainly have been held to be, but for the charge of manipulating the bad debts, and making of the balance sheet; a misrepresentation with reference to which as a false and fraudulent basis, it is claimed that every subsequent act must be viewed.
The motion must be denied.